**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10201 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00143-RCC |
| v. | |
| LUIS CARLOS SAAVEDRA-BUSTAMANTE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Luis Carlos Saavedra-Bustamante appeals from the district court's judgment

and challenges the 15-month sentence imposed following his guilty-plea

conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Saavedra-Bustamante contends that the district court procedurally erred by considering impermissible factors, and by failing to give adequate reasons for denying his request for a fast-track departure. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court properly considered information about Saavedra-Busamante's criminal history, including his prior lenient sentences and prior arrests, all of which was contained in the uncontested Presentence Report, and was explicitly adopted by Saavedra-Bustamante in his sentencing papers. *See United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) (A district court "may rely on undisputed statements in the PSR at sentencing."). Moreover, the court's reasons for denying the fast-track departure are apparent from the record, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the court adequately explained its reasons for the within-Guidelines sentence, *see id.*

To the extent Saavedra-Bustamante contends that the government was required to offer him a fast-track plea agreement because he pled guilty quickly, or to explain why it did not offer him such a plea agreement, he provides no support for his argument.

**AFFIRMED.**

18-10201